00338-081368
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KATHERINE BRYANT, by and through her parents and natural guardians, APRIL BRYANT and WAYNE BRYANT and APRIL BRYANT, Individually, and WAYNE BRYANT, Individually,

       Plaintiffs,

    -against-

THOMAS H. MILHORAT, M.D., PAOLO A. BOLOGNESE, M.D., MISAO NISHIKAWA, M.D., L. THIERRY REMY, M.D., CHANLAND ROONPRAPUNT, M.D., NORTH SHORE – LONG ISLAND JEWISH HEALTH SYSTEM, INC., THE CHIARI INSTITUTE, an unincorporated entity of North Shore University Hospital, and HARVEY CUSHING INSTITUTES OF NEUROSCIENCE, an unincorporated entity of North Shore University Hospital.

       Defendants.

----------------------------------------------------------------X

**PRESERVATION ORDER**

CV 09 1751

TOMLINSON, M.J.

1. **Duty to Preserve:**

  (a) All parties have a duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of plaintiffs and other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Plaintiffs' counsel is under an obligation to exercise reasonable efforts to identify and notify such non-parties. The scope of this duty includes, but is not limited to documents, data and tangible things from the time plaintiffs had contact with one or more defendants. Plaintiffs shall preserve documents, data and tangible things that pertain to plaintiffs' treatment and diagnosis of Chiari I Malformation and related conditions from his/her onset of symptoms to the present and includes, but is not limited to, communication to and from

defendants or any other persons or entities pertaining to plaintiff's conditions, diagnoses, symptoms, treatments, treatment options, surgeries and related issues and/or any defendants as well as any other documents, data and tangible things created.

(b)  "Documents, data, and tangible things: is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail and E-mail attachments; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks and cards; printouts; document image files; Web pages; databases; spreadsheets; Web site postings, which includes, but is not limited to, blogs, social networking sites, support group sites and medical facility sites; any information created to be posted on a Web site, which includes, but is not limited to, blogs, social networking sites, support group sites and medical facility sites; research, including medical and Web-based research; software; journals; invoices; bills; checks; statements; photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(c)  "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding,

incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

## 2. **Preservation of Documents:**

(1) Plaintiffs' counsel shall immediately notify plaintiffs, in writing, of their obligation to preserve all potentially relevant documents and electronically stored information. Plaintiffs' counsel shall also investigate whether any ESI (electronically stored information) was altered, destroyed or is otherwise inaccessible since the time litigation was reasonably anticipated. Sources of ESI that must be investigated include, but are not limited to, laptops, PCs, hard drives, handheld devices (such as Palm or BlackBerry devices), cell phones, back up tapes, DVDs, CD, and removable storage devices.

(2) Plaintiffs shall bear the costs for their own preservation.

SO ORDERED: _____

**SO ORDERED**

A. Kathleen Tomlinson
United States Magistrate Judge
Date: _December 9_ 20_10_
Central Islip, N.Y.

3

1554986_1.DOC